IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


UNITED STATES OF AMERICA

VERSUS                                                              CRIMINAL NO. 1:04cr105WJG-1

MARCELO BANUELOS-GUTIERREZ


O R D E R


This cause is before the Court on Defendant Marcelo Banuelos-Gutierrez's motion [59-1] for re-sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure.  After due consideration of the arguments, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds that the motion should be denied.

On May 11, 2005, Banuelos-Gutierrez pleaded guilty to one count of conspiracy to possess with intent to distribute more than 3.5 kilograms of cocaine hydrochloride; and, thereafter, was sentenced to 135 months imprisonment followed by 5 years supervised release.  On August 23, 2005, Banuelos-Gutierrez filed the instant motion asking this Court to re-sentence him based on several grounds:  (1) the United States of America [United States] breached the Memorandum of Understanding by arguing in support of the enhancements sought by the Probation Office; (2) the Court improperly increased the offense level in violation of *United States v. Booker*, 543 U.S. 220 (2005); (3) the enhancement for obstruction of justice was not supported by the facts or the law; (4) the denial of a three-level reduction for acceptance of responsibility was not based on the facts or the law; and (5) the United States failed to advise the Court of the Defendant's proffer of earlier cooperation.  (Ct. R., Doc. 59, pp. 5-6.)

A district court's authority to correct or modify a sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(c).  *See United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir.1997).  Section 3582(c) authorizes the district court to modify a previously imposed sentence in a limited number of circumstances, such as:  (1) when the court receives a motion from the Director of the Bureau of Prisons indicating there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure the district court, acting within seven days after the imposition of sentence, corrects an arithmetical, technical, or other clear error identified in a previously imposed sentence; and (3) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c).

Rule 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  FED. R. CRIM. P. 35(a).  This seven-day limitation is jurisdictional and requires that the Court actually correct the sentence within seven days after imposing sentence, after which it lacks jurisdiction.  *See United States v. Shank*, 395 F.3d 466, 469-70 (4th Cir. 2005); *United States v. Gonzales*, 163 F.3d 255, 263-64 (5th Cir. 1998);  *Bridges*, 116 F.3d at 1112; *United States v. Lopez*, 26 F.3d 512, 520 (5th Cir. 1994).  *See also United States v. Kirkpatrick*, 2006 WL 1642440, No. 05-40958, at *2 (5th Cir. June 8, 2006) (unpublished); *United States v. Booker*, 240 F.3d 1074 (5th Cir. 2000) (unpublished).

The Court imposed its sentence on August 16, 2005, *see Gonzales*, 163 F.3d at 264 (holding that imposition of sentence is the date of oral pronouncement, i.e. date of sentencing hearing), and Defendant timely filed his motion for re-sentencing on August 23, 2005.  The Court, however, did not rule on Banuelos-Gutierrez's motion within the seven-day window and now lacks jurisdiction to rule on the merits of the motion.  Consequently, Defendant's motion for re-sentencing pursuant to Rule 35 should be denied.

Although lacking jurisdiction, the Court notes that Rule 35(a) would not confer authority upon the Court to reconsider Banuelos-Gutierrez's sentence because the Court discerns no clear error in its sentencing of Defendant.  "Clear errors" are those that would almost certainly result in reversal on appeal, *United States v. Spring*, 305 F.3d 276, 281 n. 2 (4th Cir. 2002), and the Court is not afforded "the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court to simply change its mind about the appropriateness of the sentence."  FED. R. CRIM. P.  35(a) (advisory committee notes).  Given these considerations, the Court cannot say that it committed clear error under Rule 35(a).  The Court concludes that the motion for re-sentencing should be denied.  It is therefore,

ORDERED AND ADJUDGED that Defendant's motion [59-1] for re-sentencing be, and is hereby, denied.

SO ORDERED AND ADJUDGED this the 27th day of September, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE