IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS    CRIMINAL NO. 1:04cr105WJG-JMR-1

MARCELO BANUELOS-GUTIERREZ

O R D E R

THIS CAUSE comes before the Court on the motion [100] of the Defendant, Marcelo Banuelos-Gutierrez, for reconsideration of an order entered on July 22, 2009, by the Court denying him relief under 28 U.S.C. § 2255. (Ct. R., Doc. 99.) Banuelos contends that he should have been granted an evidentiary hearing to resolve issues of fact regarding his plea of guilty. (Ct. R., Doc. 100, p. 2.) He claims he was induced to plea by unfulfilled promises made by the United States of America [United States]. (*Id*.) Banuelos makes these allegations despite his assertions during the plea hearing that no promises or side agreements were made in reaching the plea agreement by either party. (Ct. R., Transcript, May 11, 2005, pp. 13-16.) The plea colloquy establishes that Banuelos' plea was knowing and voluntary. *United States v. Salado*, 339 F.3d 285, 293 (5th Cir. 2003).

Not every *habeas* petition containing allegations that appear to have merit justifies an evidentiary hearing. *Blackledge v. Allison*, 431 U.S. 63, 80 (1977). An evidentiary hearing, however, must be held in federal district court on a motion for relief under section 2255 unless "the motion and the files and records of the case conclusively show the petitioner is entitled to no

relief." *Pelton v. United States*, 465 F.2d 952, 953 (5th Cir. 1972), *cert. denied* 410 U.S. 935 (1973). If the respondent produces sufficient evidence, the Court may proceed on the motion without holding an evidentiary hearing provided the petitioner does not provide proof rebutting the United States' response or clear evidence in the record indicating a genuine issue of fact. *Blackledge*, 431 U.S. at 80-1. In addition, "the mere recitation of a formula, even in an affidavit, does not suffice to establish either plausibility or the right to an evidentiary hearing." *Allen v. United States*, 634 F.2d 316, 317 (5th Cir. 1981). A hearing is not required when the allegations within the petition are inconsistent with the bulk of his previous conduct, and the defendant produces no independent evidence, such as an affidavit from a third reliable person which corroborates his assertions. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). The Court has determined that because there was sufficient evidence presented in the court record in this case, an evidentiary hearing in this matter was not necessary. *See Norman v. McCotter*, 765 F.2d 504, 507-8 (5th Cir. 1985). The Court further finds that the motion to reconsider or to allow Banuelos to withdraw his plea should be denied. It is, therefore,

ORDERED AND ADJUDGED that Banuelos' motion [100] for reconsideration be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that this case be dismissed with prejudice.

SO ORDERED AND ADJUDGED this 6th day of October, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE